**E-FILED**
Wednesday, 11 June, 2008 10:29:24 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
DANVILLE/URBANA DIVISION

| | | |
|---|---|---|
| RONALD A. CAIN and | ) | |
| RANDY CAIN, | ) | 08- |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Jury Trial Demand |
| RESURGENT CAPITAL SERVICES, L.P., | ) | |
| a Delaware limited partnership, | ) | |
| MERCANTILE ADJUSTMENT BUREAU, L.L.C., | ) | |
| a New York limited liability company, | ) | |
| CREDITORS FINANCIAL GROUP, L.L.C., | ) | |
| a New York limited liability company, | ) | |
| CREDITORS INTERCHANGE RECEIVABLE | ) | |
| MANAGEMENT, L.L.C., a Delaware limited liability | ) | |
| company, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

### PRELIMINARY STATEMENT

1.    This action seeks redress for the illegal practices of Defendants in connection with

the collection of debts.  This Complaint  alleges that Defendants violated the Fair

Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") entitling

Plaintiffs  to relief.

### JURISDICTION

2.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (general federal question

jurisdiction) and 15 U.S.C. § 1692k (Fair Debt Collection Practices Act).

### PARTIES

3.    Plaintiff, Ronald A. Cain, is an individual who resides in Coles County, Illinois.

4.    Plaintiff Ronald A. Cain is a "consumer" as defined by Section 803(3) of the Fair

Debt Collection Practices Act, 15 U.S.C. section 1692a(3).

5.     Plaintiff, Randy Cain, is an individual who resides in Clark County, Illinois.

6.     Plaintiff Randy Cain is a "consumer" as defined by Section 803(3) of the Fair

Debt Collection Practices Act, 15 U.S.C. section 1692a(3).

7.     Defendant Resurgent Capital Services, L.P. is a limited partnership organized

under the laws of the State of Delaware.

8.     Defendant Resurgent Capital Services, L.P. purchased the alleged debts as part of

a bad debt portfolio and is a "debt collector" as defined by Section 803(6) of the

Fair Debt Collection Practices Act, 15 U.S.C. section 1692a(6).

9.     At all times relevant to this matter, Defendant Resurgent Capital Services, L.P.

was collecting a consumer debt as defined by Section 803(5) of the Fair Debt

Collection Practices Act, 15 U.S.C. 1692a(5).

10.    Defendant Mercantile Adjustment Bureau, L.L.C. is a limited liability company

organized under the laws of the State of New York.

11.    Defendant Mercantile Adjustment Bureau, L.L.C. is a "debt collector" as defined

by Section 803(6) of the Fair Debt Collection Practices Act, 15 U.S.C. section

1692a(6).

12.    At all times relevant to this matter, Defendant Mercantile Adjustment Bureau,

L.L.C. was collecting a consumer debt as defined by Section 803(5) of the Fair

Debt Collection Practices Act, 15 U.S.C. 1692a(5).

13.    Defendant Creditors Financial Group, L.L.C. is a limited liability company

organized under the laws of the State of New York.

2

14. Defendant Creditors Financial Group, L.L.C. is a "debt collector" as defined by Section 803(6) of the Fair Debt Collection Practices Act, 15 U.S.C. section 1692a(6).

15. At all times relevant to this matter, Defendant Creditors Financial Group, L.L.C. was collecting a consumer debt as defined by Section 803(5) of the Fair Debt Collection Practices Act, 15 U.S.C. 1692a(5).

16. Defendant Creditors Interchange Receivable Management, L.L.C. is a limited liability company organized under the laws of the State of Delaware.

17. Defendant Creditors Interchange Receivable Management, L.L.C. is a "debt collector" as defined by Section 803(6) of the Fair Debt Collection Practices Act, 15 U.S.C. section 1692a(6).

18. At all times relevant to this matter, Defendant Creditors Interchange Receivable Management, L.L.C. was collecting a consumer debt as defined by Section 803(5) of the Fair Debt Collection Practices Act, 15 U.S.C. 1692a(5).

## FACTS COMMON TO ALL COUNTS

19. In 2003, Plaintiff Ronald A. Cain had two accounts with Providian. These accounts were used for the purchase of consumer goods and services.

20. In addition, Plaintiff Ronald A. Cain possessed credit protection insurance coverage that provided for the cancellation of debt based on total permanent disability as determined by the Social Security Administration.

21. In November 2003, Plaintiff Ronald A. Cain became disabled.

22. Plaintiff Ronald A. Cain promptly filled out the forms with Providian and his

3

other creditors.

23.   In June 2004, Plaintiff Ronald A. Cain received a determination of disability from the Social Security Administration.

24.   On information and belief, Providian and the other creditors were by paid by the insurance company.

25.   During the period from 2003 to 2006, the accounts were sold to Defendant Resurgent Capital Services, L.P.

26.   On or about January 2007, Defendant Resurgent Capital Services, L.P. placed the debts with Defendant Creditors Financial Group, L.L.C. for collection.

27.   During the period of January 2007 through December 2007, Defendant Resurgent Capital Services, L.P., by and through its agent, Defendant Creditors Financial Group, L.L.C., contacted Plaintiff Ronald A. Cain at his residence on several occasions in an attempt to collect the debt.

28.   On each occasion, Plaintiff Ronald A. Cain informed Defendant Creditors Financial Group, L.L.C.  that the debt was paid by his insurance policy when he became disabled.

29.   Defendants Resurgent Capital Services, L.P. and  Creditors Financial Group, L.L.C. continued to collect the debt and threatened to take collection actions that it could not lawfully perform.

30.   Plaintiff Ronald A. Cain was intimidated into making a few payments to Defendants Resurgent Capital Services, L.P. and Creditors Financial Group, L.L.C.

31.    In late 2007, Defendant Resurgent Capital Services, L.P., by and through its agent,
       Defendant Creditors Financial Group, L.L.C., made at least two telephone calls to
       Plaintiff Randy Cain in an attempt to collect the debt.

32.    On each occasion, Plaintiff Randy Cain informed Defendant Creditors Financial
       Group, L.L.C. that it is not his debt and asked Defendant to stop contacting him.

33.    In April 2008, Defendant Resurgent Capital Services, L.P., by and through its
       agent, Defendant Creditors Financial Group, L.L.C., contacted Kevin Cain at his
       residence in Colorado in an attempt to collect the debt allegedly owed by Plaintiff
       Ronald A. Cain.

34.    Defendants Resurgent Capital Services, L.P. and Creditors Financial Group,
       L.L.C. had no legitimate reason to contact Kevin Cain regarding his father's debt.

35.    Kevin explained that he does not owe the debt, that his father does not reside with
       him, and that he should not be contacted again.

36.    Kevin felt that Defendants Resurgent Capital Services, L.P. and Creditors
       Financial Group, L.L.C. were pressuring him into paying the alleged debt of his
       disabled father.

37.    In April 2008, Defendant Resurgent Capital Services, L.P. placed the debts with
       Defendant Mercantile Adjustment Bureau, L.L.C. for collection.

38.    In April 2008, Defendant Resurgent Capital Services, Inc., by and through its
       agent, Defendant Mercantile Adjustment Bureau, L.L.C., contacted Plaintiff
       Randy Cain at his residence in an attempt to collect the debt of Plaintiff Ronald A.
       Cain.

5

39.    Defendants Resurgent Capital Services, L.P. and  Mercantile Adjustment Bureau,

       L.L.C. had no legitimate reason to contact Plaintiff Randy Cain regarding his

       father's debt.

40.    The employee of Mercantile Adjustment Bureau, L.L.C. informed Plaintiff Randy

       Cain that it needed to contact Plaintiff Ronald A. Cain regarding the debt.

41.    Plaintiff Randy Cain advised Defendant Mercantile Adjustment Bureau, L.L.C.

       that he did not understand why he was being contacted.

42.    Defendant Mercantile Adjustment Bureau, L.L.C. stated that Plaintiff Ronald A.

       Cain gave Defendant this number to call.

43.    Defendant Mercantile Adjustment Bureau, L.L.C. knew that statement was false.

44.    Plaintiff Randy Cain told Defendant Mercantile Adjustment Bureau, L.L.C.  that

       the statement was false, that he does not owe the debt, that Plaintiff Ronald A.

       Cain does not live with him, and that he does not want to receive any further debt

       collection calls.

45.    Defendant Mercantile Adjustment Bureau, L.L.C.  stated that it was Randy's

       responsibility to have Ronald contact Mercantile Adjustment Bureau, L.L.C.

46.    Plaintiff Randy Cain felt that Defendant Mercantile Adjustment Bureau, L.L.C.

       was pressuring him into paying his father's debt.

47.    In May 2008, Defendant Resurgent Capital Services, L.P. placed the debt with

       Defendant Creditors Interchange Receivable Management, L.L.C. for collection.

48.    On May 9, 2008, at 9:52 a.m., Defendant Resurgent Capital Services, L.P., by and

       through its agent, Defendant Creditors Interchange Receivable Management,

6

L.L.C.,  contacted Plaintff Randy Cain in an attempt to collect the debt.

49.   Defendant Creditors Interchange Receivable Management, L.L.C. left a voicemail

for Plaintiff Randy Cain to return a call to 866-716-1545.

50.   Plaintiff Randy Cain returned the call that afternoon.  He repeatedly asked

Defendant Creditors Interchange Receivable Management, L.L.C.  to stop calling

him.

51.   Plaintiff Randy Cain felt that Defendant Creditors Interchange  Receivable

Management, L.L.C. was attempting to collect the debt from him.

52.   On May 15, 2008, Defendant Resurgent Capital Services, L.P., by and through an

employee of Defendant Creditors Interchange Receivable Management, L.L.C.

named Matthew, contacted Plaintiff Ronald A. Cain in an attempt to collect the

debt.

53.   Plaintiff Ronald A. Cain reiterated that the debt was previously paid by his credit

disability insurance carrier.

54.   Defendant Creditors Interchange Receivable Management, L.L.C.  told him that

he still owes the debt.

55.   Plaintiff Ronald A. Cain reiterated that he had an attorney tell him not to pay it.

56.   Defendant Creditors Interchange Receivable Management, L.L.C. continued to

collect the debt and demanded that Plaintiff Ronald A. Cain use his government

stimulus check.

57.   Plaintiff Ronald A. Cain reiterated that he does not owe the debt and hung up.

58.   On May 22, 2008, at 6:30 p.m., Defendant Resurgent Captial Services, L.P., by

7

and through its agent, Defendant Creditors Interchange Receivable Management, L.L.C., contacted Plaintiff Randy Cain at his residence in an attempt to collect the debt.

59.   Plaintiff Randy Cain reiterated that he does not owe the debt.

60.   Defendant Creditors Interchange Receivable Management, L.L.C. advised that it will keep calling Plaintiff Randy Cain until the debt allegedly owed by Plaintiff Ronald A. Cain is paid.

61.   Defendant Creditors Interchange Receivable Management, L.L.C. stated that it will start calling every morning at 8:00 a.m. and continue calling throughout the day.

62.   Plaintiff Randy Cain stated that he would then stop answering his phone.

63.   Defendant Creditors Interchange Receivable Management, L.L.C. stated they would call all his neighbors.

**Count I – Ronald A. Cain v. Resurgent Capital Services, L.P.**

64.   Plaintiff Ronald A. Cain incorporates paragraphs 1 through 63 into Count I of the Complaint.

65.   Defendant Resurgent Capital Services, L.P. violated the FDCPA when it and its agents and employees disclosed the existence of the debt to third parties, Randy Cain and Kevin Cain, in violation of 15 U.S.C. §§ 1692b(2), 1692b(3), and 1692c(b).

66.   Defendant Resurgent Capital Services, L.P. violated the FDCPA when it and its agents and employees repeatedly contacted Plaintiff's sons, who are not legally

8

obligated to pay the debt, with the intent to harass, annoy and humiliate the Plaintiff Ronald A. Cain in order to collect a debt in violation of 15 U.S.C. §§ 1692d and 1692d(5).

67.  Defendant Resurgent Capital Services, L.P. violated the FDCPA when it and its agents and employees repeatedly contacted Plaintiff Ronald A. Cain in an attempt to collect the debt and repeatedly or continuously with the intent to annoy, abuse, or harass the Plaintiff Ronald A. Cain in violation of 15 U.S.C. §§ 1692d and 1692d(5).

68.  Defendant Resurgent Capital Services, L.P. violated the FDCPA when it and its agents and employees attempted to collect a debt that the Plaintiff Ronald A. Cain does not owe in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), and 1692e(10).

69.  As a result of Defendant's conduct and the conduct of its agents and employees, Plaintiff Ronald A. Cain suffered actual damages.

WHEREFORE, Plaintiff Ronald A. Cain requests that the Court enter judgment in his favor and against Defendant Resurgent Capital Services, L.P. for: (a) actual and statutory damages; (b) attorney's fees, litigation expenses and costs; and (c) such other or further relief as the Court deems appropriate.

### Count II – Ronald A. Cain v. Creditors Financial Group, L.L.C.

70.  Plaintiff Ronald A. Cain incorporates paragraphs 1 through 69 into Count II of the Complaint.

71.  Defendant Creditors Financial Group, L.L.C. violated the FDCPA when it

disclosed the existence of the debt to third parties, Randy Cain and Kevin Cain, in violation of 15 U.S.C. §§ 1692b(2), 1692b(3), and 1692c(b).

72.    Defendant Creditors Financial Group, L.L.C. violated the FDCPA when it repeatedly contacted Plaintiff's sons, who are not legally obligated to pay the debt, with the intent to harass, annoy and humiliate the Plaintiff Ronald A. Cain in order to collect a debt in violation of 15 U.S.C. §§ 1692d and 1692d(5).

73.    Defendant Creditors Financial Group, L.L.C. violated the FDCPA when it repeatedly contacted Plaintiff Ronald A. Cain in an attempt to collect the debt and repeatedly or continuously with the intent to annoy, abuse, or harass the Plaintiff Ronald A. Cain in violation of 15 U.S.C. §§ 1692d and 1692d(5).

74.    Defendant Creditors Financial Group, L.L.C. violated the FDCPA when it attempted to collect a debt that the Plaintiff Ronald A. Cain does not owe in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), and 1692e(10).

75.    As a result of Defendant's conduct and the conduct of its agents and employees, Plaintiff Ronald A. Cain suffered actual damages.

WHEREFORE, Plaintiff Ronald A. Cain requests that the Court enter judgment in his favor and against Defendant Creditors Financial Group, L.L.C. for: (a) actual and statutory damages; (b) attorney's fees, litigation expenses and costs; and (c) such other or further relief as the Court deems appropriate.

## Count III – Ronald A. Cain v. Mercantile Adjustment Bureau, L.L.C.

76.    Plaintiff Ronald A. Cain incorporates paragraphs 1 through 75 into Count III of the Complaint.

77.    Defendant Mercantile Adjustment Bureau, L.L.C. violated the FDCPA when it
disclosed the existence of the debt to a third party, Randy Cain, in violation of 15
U.S.C. §§ 1692b(2), 1692b(3), and 1692c(b).

78.    Defendant Mercantile Adjustment Bureau, L.L.C. violated the FDCPA when it
contacted Plaintiff's son, Randy Cain, who are not legally obligated to pay the
debt, with the intent to harass, annoy and humiliate the Plaintiff Ronald A. Cain
in order to collect a debt in violation of 15 U.S.C. §§ 1692d and 1692d(5).

79.    Defendant Mercantile Adjustment Bureau, L.L.C. violated the FDCPA when it
repeatedly contacted Plaintiff Ronald A. Cain in an attempt to collect the debt
and repeatedly or continuously with the intent to annoy, abuse, or harass the
Plaintiff Ronald A. Cain in violation of 15 U.S.C. §§ 1692d and 1692d(5).

80.    Defendant Mercantile Adjustment Bureau, L.L.C. violated the FDCPA when it
attempted to collect a debt that the Plaintiff Ronald A. Cain does not owe in
violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), and 1692e(10).

81.    As a result of Defendant's conduct and the conduct of its agents and employees,
Plaintiff Ronald A. Cain suffered actual damages.

WHEREFORE, Plaintiff Ronald A. Cain requests that the Court enter judgment in his
favor and against Defendant Mercantile Adjustment Bureau, L.L.C. for: (a) actual and statutory
damages; (b) attorney's fees, litigation expenses and costs; and (c) such other or further relief as
the Court deems appropriate.

### Count IV – Ronald A. Cain v. Creditors Interchange Receivable Management, L.L.C.

82.    Plaintiff Ronald A. Cain incorporates paragraphs 1 through 81 into Count IV of

the Complaint.

83. Defendant Creditors Interchange Receivable Management, L.L.C. violated the FDCPA when it disclosed the existence of the debt to a third party, Randy Cain, in violation of 15 U.S.C. §§ 1692b(2), 1692b(3), and 1692c(b).

84. Defendant Creditors Interchange Receivable Management, L.L.C. violated the FDCPA when it repeatedly contacted Plaintiff's son, Randy Cain, who are not legally obligated to pay the debt, with the intent to harrass, annoy and humiliate the Plaintiff Ronald A. Cain in order to collect a debt in violation of 15 U.S.C. §§ 1692d and 1692d(5).

85. Defendant Creditors Interchange Receivable Management, L.L.C. violated the FDCPA when it repeatedly contacted Plaintiff Ronald A. Cain in an attempt to collect the debt and repeatedly or continuously with the intent to annoy, abuse, or harass the Plaintiff Ronald A. Cain in violation of 15 U.S.C. §§ 1692d and 1692d(5).

86. Defendant Creditors Interchange Receivable Management, L.L.C. violated the FDCPA when it attempted to collect a debt that the Plaintiff Ronald A. Cain does not owe in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), and 1692e(10).

87. As a result of Defendant's conduct and the conduct of its agents and employees, Plaintiff Ronald A. Cain suffered actual damages.

WHEREFORE, Plaintiff Ronald A. Cain requests that the Court enter judgment in his favor and against Defendant Creditors Interchange Receivable Management, L.L.C. for: (a) actual and statutory damages; (b) attorney's fees, litigation expenses and costs; and (c) such

other or further relief as the Court deems appropriate.

### Count V –   Randy Cain v. Resurgent Capital Services, L.P.

88.     Plaintiff Randy Cain incorporates paragraphs 1 through 87 into Count V of the
Complaint.

89.     Defendant Resurgent Capital Services, L.P.  violated the FDCPA when it and its
agents and employees repeatedly contacted Plaintiff Randy Cain  in an attempt to
collect the debt and repeatedly or continuously with the intent to annoy, abuse, or
harass the Plaintiff Randy Cain in violation  of 15 U.S.C. §§ 1692d and 1692d(5).

90.     Defendant Resurgent Capital Services, L.P.  violated the FDCPA when it and its
agents and employees attempted to collect a debt that the Plaintiff Randy Cain
does not owe in violation of  15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), and
1692e(10).

91.     As a result of Defendant's conduct and the conduct of its agents and employees,
Plaintiff Randy Cain suffered actual damages.

WHEREFORE, Plaintiff Randy Cain requests that the Court enter judgment in his favor
and against Defendant Resurgent Capital Services, L.P.  for: (a) actual and statutory damages;
(b) attorney's fees, litigation expenses and costs; and (c) such other or further relief as the Court
deems appropriate.

### Count VI – Randy Cain v. Mercantile Adjustment Bureau, L.L.C.

92.     Plaintiff Randy Cain incorporates paragraphs 1 through 91 into Count VI of the
Complaint.

93.     Defendant Mercantile Adjustment Bureau, L.L.C.  violated the FDCPA when it

contacted Plaintiff Randy Cain in an attempt to collect the debt and with the intent to annoy, abuse, or harass the Plaintiff Randy Cain in violation of 15 U.S.C. §§ 1692d and 1692d(5).

94. Defendant Mercantile Adjustment Bureau, L.L.C. violated the FDCPA when it and its agents and employees attempted to collect a debt that the Plaintiff Randy Cain does not owe in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), and 1692e(10).

95. As a result of Defendant's conduct and the conduct of its agents and employees, Plaintiff Randy Cain suffered actual damages.

WHEREFORE, Plaintiff Randy Cain requests that the Court enter judgment in his favor and against Defendant Mercantile Adjustment Bureau, L.L.C. for: (a) actual and statutory damages; (b) attorney's fees, litigation expenses and costs; and (c) such other or further relief as the Court deems appropriate.

### Count VII – Randy Cain v. Creditors Financial Group, L.L.C.

96. Plaintiff Randy Cain incorporates paragraphs 1 through 95 into Count VII of the Complaint.

97. Defendant Creditors Financial Group, L.L.C. violated the FDCPA when it repeatedly contacted Plaintiff Randy Cain in an attempt to collect the debt and repeatedly or continuously with the intent to annoy, abuse, or harass the Plaintiff Randy Cain in violation of 15 U.S.C. §§ 1692d and 1692d(5).

98. Defendant Creditors Financial Group, L.L.C. violated the FDCPA when it attempted to collect a debt that the Plaintiff Randy Cain does not owe in violation

14

of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), and 1692e(10).

99.     As a result of Defendant's conduct and the conduct of its agents and employees,
Plaintiff Randy Cain suffered actual damages.

WHEREFORE, Plaintiff Randy Cain requests that the Court enter judgment in his favor
and against Defendant Creditors Financial Group, L.L.C.  for: (a) actual and statutory damages;
(b) attorney's fees, litigation expenses and costs; and (c) such other or further relief as the Court
deems appropriate.

## Count VIII – Randy Cain v. Creditors Interchange Receivable Management, L.L.C.

100.    Plaintiff Randy Cain incorporates paragraphs 1 through 99 into Count VIII of the
Complaint.

101.    Defendant Creditors Interchange Receivable Management, L.L.C.  violated the
FDCPA when it repeatedly contacted Plaintiff Randy Cain  in an attempt to
collect the debt and repeatedly or continuously with the intent to annoy, abuse, or
harass the Plaintiff Randy Cain in violation  of 15 U.S.C. §§ 1692d and 1692d(5).

102.    Defendant Creditors Interchange Receivable Management, L.L.C.   violated the
FDCPA when it attempted to collect a debt that the Plaintiff Randy Cain does not
owe in violation of  15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), and 1692e(10).

103.    As a result of Defendant's conduct and the conduct of its agents and employees,
Plaintiff Randy Cain suffered actual damages.

WHEREFORE, Plaintiff Randy  Cain requests that the Court enter judgment in his favor
and against Defendant Creditors Interchange Receivable Management, L.L.C.  for: (a) actual and
statutory damages;  (b) attorney's fees, litigation expenses and costs; and (c) such other or further

relief as the Court deems appropriate.

RONALD A. CAIN and
RANDY CAIN, Plaintiffs

s/ Roy Jackson Dent
Roy Jackson Dent
Bar Number 6255835
Attorney for Plaintiffs
BRANKEY & SMITH, P.C.
622 Jackson Avenue
Charleston, IL 61920
Phone: (217) 345-6222
Fax:    (217) 345-6232

Email: rdent@brankeysmithpc.com